Filed 10/12/23  P. v. Contreras CA4/2
**See Concurring and Dissenting Opinion**
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE DANIEL CONTRERAS,<br><br>    Defendant and Appellant. | E074711<br><br>(Super.Ct.No. CR27580)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Reversed and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta and Xavier Becerra, Attorney General, Lance E. Winters, Chief

Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys

1

General, and A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

This case returns to us from our Supreme Court, which has ordered us to reconsider our dismissal in light of its decisions in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). The parties agree, and we agree with the parties, that *Lewis* requires us to reverse the order denying Contreras's petition and remand for further proceedings.

## BACKGROUND

In 1987 Joe Daniel Contreras was charged along with another codefendant with two counts of premeditated murder and one count of attempted murder with a multiple murder special circumstance allegation. The information also alleged that Contreras personally used a firearm. A third defendant was charged with the same offenses—with the possible exception of the personal firearm use allegation—in a separate case.[1] Contreras's codefendant pled guilty to being an accessory to murder, but Contreras proceeded to trial. In 1988, a jury convicted Contreras of two counts of first degree murder, and one count of attempted murder, and found the personal firearm use allegation true. On direct appeal we reduced one of the convictions for first degree murder to second degree murder and reduced the attempted murder conviction to assault with a deadly weapon. (*People v. Contreras* (Oct. 26, 1990, D012072 [nonpub. opn.].)

---

[1] We take portions of this procedural history from our opinion in Contreras's direct appeal. (Pen. Code, § 1172.6, subd. (d)(3) ["The court may also consider the procedural history of the case recited in any prior appellate opinion."].)

2

In July 2019, Contreras filed a petition for resentencing under recently enacted Penal Code[2] section 1170.95, now section 1172.6.  The trial court held a prima facie hearing on the petition in January 2020.  At that hearing, the prosecution argued the multiple-murder special circumstance required "intent to kill for the aider and abettor."  They also informed the court that the jury was not instructed on the natural and probable consequences doctrine.  The trial court dismissed the petition, and Contreras appealed.

On Contreras's request, we appointed counsel to represent him on appeal.  Counsel filed a brief declaring she found no arguably meritorious issues to appeal and asking us to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.  We dismissed his appeal as abandoned on the basis that he was not entitled to independent review in an appeal from a postconviction order and had not filed a supplemental brief.  (*Delgadillo, supra,* 14 Cal.5th at pp. 231-232.)

After dismissing his case, our Supreme Court decided *Delgadillo* and *Lewis*, and remanded the case to us for reconsideration in light of those decisions.  We now do so.

DISCUSSION

The parties agree that under our Supreme Court's decision in *Lewis* the order denying Contreras's petition should be reversed and the case remanded.  We agree with the parties.

_____

[2] Unlabeled statutory citations refer to the Penal Code.

Senate Bill No. 1437 (Senate Bill 1437) (2017-2018 Reg. Sess.), effective January 1, 2019, amended the definition of felony murder in section 189 and eliminated liability for murder and attempted murder under a natural and probable consequences theory. Senate Bill 1437 also added what is now section 1172.6, which (in its current version) allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," or "attempted murder under the natural and probable consequences doctrine," to "file a petition with the court that sentenced the petitioner to have the petitioner's murder [or] attempted murder . . . conviction vacated and to be resentenced." (§ 1172.6, subd. (a).) Once a court determines that such a petition contains all relevant information, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).)

When conducting a prima facie review, the court " ' " 'takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " ' " (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975.) "The record of conviction will necessarily inform the trial court's prima facie inquiry," however such inquiry is "limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) Though the court should generally not assess the petitioner's credibility without an evidentiary hearing " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in

4

the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*) "If the record of conviction does not conclusively demonstrate that the defendant 'engaged in the requisite acts and had the requisite intent' to be convicted on a theory of murder [or attempted murder] that remains valid, denying relief at the prima facie stage is improper." (*People v. Barboza* (2021) 68 Cal.App.5th 955, 965-966.)

We agree with the parties that nothing in the record of conviction before the trial court conclusively established that Contreras was not entitled to relief. Two other defendants were charged for the murders and attempted murder, one of which pled to being an accessory, suggesting Contreras did not act alone. Contreras's jury also received an instruction which arguably allowed them to convict on a now defunct theory of liability, namely the natural and probable consequences doctrine.[3] Finally, the multiple-murder special circumstance does not conclusively establish that Contreras was ineligible for relief as to both murders, and therefore he could be eligible for relief for one of them. (*People v. Rogers* (2006) 39 Cal.4th 826, 892 ["state law never has required a jury to find intent to kill both victims in order for the multiple-murder special

---

[3] The instruction which Contreras contends allowed the jury to convict on a natural and probable consequences theory, the 1984 version of CALJIC No. 3.00, is a general instruction on liability for aiders and abettors. However, it includes the sentence "[o]ne who aids and abets is not only guilty of the particular crime that to his knowledge his confederates are contemplating committing, but he is also liable for the natural and reasonable or probable consequences of any act that he knowingly and intentionally aided or encouraged." This sentence appears to have been the entire form instruction on the natural and probable consequences theory until the creation of CALJIC No. 3.02, which is a separate instruction specifically addressing the natural and probable consequences theory. (See *People v. Prettyman* (1996) 14 Cal.4th 248, 263-264 (*Prettyman*).)

circumstance to be found true."].) Accordingly, we cannot say from the record of conviction alone that Contreras is ineligible for relief as a matter of law.

The parties may disagree on precisely what remedy Contreras is due. Contreras simply requests a remand for further proceedings, while the People request we remand for another prima facie review hearing. We conclude that another prima facie review hearing is appropriate here. While we are convinced that the record before the trial court did not conclusively establish Contreras's ineligibility, we are not convinced Contreras has demonstrated a prima facie case for eligibility. That is, based only on the record before us, we are not certain it was possible for Contreras to be convicted under a now defunct theory of liability, rather than based on a theory which required intent to kill. Though the jury was arguably provided with instructions that could be used to support a natural and probable consequences theory, it is not clear from our review of the record that there was evidence or argument that supported such a theory. In order to do so, the jury would have had to find that the murders and attempted murder were the natural and probable consequence of some other target offense and were not themselves the target offenses.[4] Given the record before us, we cannot say that there was evidence from which the jury could have found as much, nor that the prosecution argued this. However,

---

[4] While the jury was not required to be instructed on the identified target offense until after our Supreme Court's decision in *Prettyman*, *supra*, 14 Cal.4th at pp. 269-270, liability under the natural and probable consequences has always required the existence of a target offense other than the charged offense. (*Id.* at p. 262 ["when a particular aiding and abetting case triggers application of the 'natural and probable consequences' . . . the trier of fact must also find that . . . the defendant's confederate committed an offense *other than* the target crime"].)

6

because it is possible that Contreras could produce evidence from the record of conviction establishing that the prosecution did proceed under a theory of vicarious liability for at least one, if not all, of the charged offenses, we agree with the People that the appropriate remedy is to remand for a new prima facie hearing.

## DISPOSITION

We reverse the order denying petitioner's section 1172.6 petition and remand.  On remand, we direct the trial court to hold a prima facie hearing on Contreras's petition and to conduct further proceedings as required under section 1172.6.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

I concur:


McKINSTER
Acting P. J.

7

[*People v. Joe Contreras*, E074711]

MENETREZ, J., Concurring and Dissenting.

Defendant Joe Daniel Contreras and two codefendants were all charged (in two separate cases) with the same offenses: two murders and an attempted murder. Contreras's jury was instructed on the natural and probable consequences doctrine, and the instruction neither identified a target offense nor required a target *offense* at all—it imposed liability for the natural and probable consequences of "any act" that Contreras "knowingly and intentionally aided or encouraged." Given that multiple principals were involved and the jury was instructed on (an antiquated version of) the natural and probable consequences doctrine, it is impossible to conclude that the jury necessarily found facts that would be sufficient for murder liability under current law. Consequently, because courts cannot engage in factfinding on prima facie review of a petition under Penal Code section 1172.6 (*People v. Lewis* (2021) 11 Cal.5th 952, 972), Contreras is entitled to an order to show cause. I therefore concur in the judgment insofar as it reverses the denial of Contreras's petition, but I respectfully dissent from the decision not to instruct the trial court to issue an order to show cause.

MENETREZ

J.

1